IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 3:12-CR-00414-BR |
| | (3:14-CV-00186-BR) |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| **MILTON MIGUEL IZAGUIRRE,** | |
| Defendant. | |

**S. AMANDA MARSHALL**
United States Attorney
**KATHLEEN L. BICKERS**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

       Attorneys for Plaintiff

**MILTON MIGUEL IZAGUIRRE**
USM #74505-065
Dalby Correctional Institution
Swiss #765106
Federal Bureau of Prisons
805 North Avenue F
Post, TX 79356

       Defendant, *Pro Se*

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Milton Miguel Izaguirre's Motion (#47) to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

For the reasons that follow, the Court **DENIES** Defendant's Motion and **DECLINES** to issue a certificate of appealability.

## BACKGROUND

On May 14, 2013, Defendant was charged in a Superseding Information with one count of Conspiracy to Distribute Heroin in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i).

On May 14, 2013, the Court held a hearing at which Defendant waived Indictment and entered a guilty plea to the charge of Conspiracy to Distribute Heroin.  After finding Defendant's guilty plea was knowing, intelligent, and voluntary and that there was a factual basis for a finding of guilt beyond a reasonable doubt, the Court accepted the plea finding Defendant guilty of the charge.

On September 9, 2013, the Court sentenced Defendant to a term of 72 months imprisonment and four years supervised release. On September 10, 2013, the Court entered a Judgment.

On September 19, 2013, Defendant filed a Notice of Appeal to the Ninth Circuit.

2 - OPINION AND ORDER

On January 31, 2014, Defendant filed a Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255. The Court took Defendant's Motion under advisement on March 25, 2014.

## STANDARDS

28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> * * *
>
> If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

Although "the remedy [under § 2255] is . . . comprehensive, it does not encompass all claimed errors in conviction and sentencing. . . . Unless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack [under § 2255] has remained far more limited." *United*

3 - OPINION AND ORDER

*States v. Addonizio*, 442 U.S. 178, 185 (1979).

## DISCUSSION

Defendant moves to vacate or to set aside his sentence on the ground of ineffective assistance of counsel. Specifically, Defendant contends his trial counsel was ineffective because (1) Defendant's guilty plea was "unlawfully induced or not made voluntarily, or made without an understanding of the nature of the charge"; (2) defense counsel did not provide Defendant with "an opportunity to allocate" at sentencing; and (3) a timely Notice of Appeal was not filed.

**I. Standards**

The Supreme Court has established a two-part test to determine whether a defendant has received constitutionally deficient assistance of counsel. *Premo v. Moore*, 131 S. Ct. 733, 739 (2011). *See also Strickland v. Washington*, 466 U.S. 668, 678, 687 (1984). Under this test, a defendant must not only prove counsel's assistance was deficient, but also that the deficient performance prejudiced the defense. *Premo*, 131 S. Ct. at 739. *See also Sexton v. Cozner,* 679 F.3d 1150, 1159 (9th Cir. 2012); *Ben–Sholom v. Ayers*, 674 F.3d 1095, 1100 (9th Cir. 2012).

"To prove deficiency of performance, the defendant must show counsel made errors so serious that performance fell below an objective standard of reasonableness under prevailing

4 - OPINION AND ORDER

professional norms." *Mak v. Blodgett*, 970 F.2d 614, 618 (9th Cir. 1992)(citing *Strickland*, 466 U.S. at 687-88)).  *See also Sexton*, 679 F.3d at 1159 (citing *Premo*, 131 S. Ct. at 739).  The court must inquire "whether counsel's assistance was reasonable considering all the circumstances" at the time of the assistance. *Strickland*, 466 U.S. at 688.  *See also Detrich v. Ryan*, 677 F.3d 958, 973 (9th Cir. 2012).  There is a strong presumption that counsel's assistance was adequate.  *Strickland,* 466 U.S. at 689. *See also Sexton*, 679 F.3d at 1159.  To overturn a guilty plea, the defendant must show a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  *See also Smith v. Mahoney*, 611 F.3d 978, 988 (9th Cir. 2010).

To prove prejudice "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.  *See also Sexton*, 679 F.3d at 1159-60.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 695.  *See also Sexton*, 679 F.3d at 1160.

The court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant."  *Strickland,* 466 U.S. at 697.  *See also Heishman v.

5 - OPINION AND ORDER

*Ayers*, 621 F.3d 1030, 1036 (9th Cir. 2010). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland,* 466 U.S. at 697. *See also Heishman*, 621 F.3d at 1036.

**II. Notice of Appeal.**

Defendant contends he received ineffective assistance of counsel because a timely notice of appeal was not filed. Federal Rule of Appellate Procedure 4(b)(1)(A)(i) provides a "defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . the judgment." The record reflects the Court entered a Judgment in this matter on September 10, 2013, and Defendant filed a Notice of Appeal on September 19, 2013, which is less than 14 days after the entry of Judgment.

Accordingly, a timely appeal was filed in this matter and the timeliness of the appeal does not support Defendant's claim for ineffective assistance of counsel.

**III. Opportunity to Allocute**

Defendant contends he received ineffective assistance of counsel because Defendant was not allowed "an opportunity to allocute. . . . That means an opportunity for the Defendant to be heard at sentencing." The record, however, reflects Defendant was given an opportunity to make a statement to the Court at sentencing and, in fact, made a statement to the Court at that

time.  Sentencing Tr. 9-11.  Defendant's alleged lack of opportunity to speak to the Court at sentencing, therefore, does not support Defendant's claim for ineffective assistance of counsel.

**IV. Guilty Plea.**

Defendant asserts his counsel was ineffective because Defendant's guilty plea was not voluntary and was not made with an understanding of the nature of the charge and/or consequences of the plea.

    **A.   Standards**

"Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process."  *Lafler*, 132 S. Ct. at 1384 (citing *Frye*, 132 S. Ct. at 1386-87).  *See also Padilla v. Ky.*, 130 S. Ct. 1473, 1486 (2010); *Hill*, 474 U.S. at 57.  Accordingly, "[d]uring plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" *Lafler*, 132 S. Ct. at 1384 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

"In *Hill*, the Court held 'the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel.'"  Lafler*,* 132 S. Ct. at 1384 (quoting *Hill,* 474 U.S. at 58).  In both *Fry*e and *Lafler*, the Supreme Court made clear "the standard laid out in *Hill*" continues to apply when a defendant asserts ineffective

assistance of counsel at the plea stage "led him to accept a plea offer as opposed to proceeding to trial." *Frye*, 132 S. Ct. at 1409. *See also Lafler*, 132 S. Ct. at 1384-85 (contrasts facts in *Lafler* to circumstances in *Hill* in which ineffective assistance of counsel led the defendant to plead guilty rather than to proceed to trial). Thus, when evaluating a claim of ineffective assistance of counsel based on an allegation that counsel's ineffective performance led the defendant to plead guilty rather than to proceed to trial, the Court must determine whether the defendant has shown "'there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.'" *Lafler*, 132 S. Ct. at 1384 (quoting *Hill*, 474 U.S. at 59).

"A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 695. *See also Smith v. Almada*, 640 F.3d 931, 940 (9th Cir. 2011). In addition, the test to determine the validity of a guilty plea remains "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill*, 474 U.S. at 56. *See also Mahoney*, 611 F.3d at 988.

**B. Analysis.**

The record reflects when Defendant pled guilty the Court engaged in an extended discussion with Defendant under oath

in which Defendant stated he had "discussed [his] case fully" with counsel, he understood "the seriousness of the charges," and he agreed to plead guilty. Tr. 10. Defendant stated his attorney had advised him of his right to a jury trial, but he believed it was in his best interest to plead guilty. Defendant stated: "I believe accepting the blame is what I really should do." Tr. 11. The Court advised Defendant of the consequences of his guilty plea including possible deportation. Defendant stated:

> I understand the consequences and everything that could happen, and I've thought about it time and time again. And I think the best is to face this, the way that it should be done. And I think that once and for all, once I finish up my time, I have to go to my own country and begin a life again.

Tr. 12-13. The Court explained the presumption of innocence, the right to a jury trial, and the rights that Defendant was giving up by pleading guilty. Defendant stated he understood:

> I feel like the best thing -- like I said before, the best thing I can do is to face my mistakes. And whatever comes and whatever you decide should be my punishment, I accept because I feel sometimes, while on an occasion we make a mistake, some mistakes are worse than others. But I think the most important thing is to assimilate the blame and learn from your mistakes. That's why I did not want to try the case, or anything. That's why I do want to declare -- declare that, yes, I did make a mistake, and face my mistakes.

Tr. 16.

The Court reviewed the terms of Defendant's Plea Agreement, the maximum and minimum sentences at issue, and the

9 - OPINION AND ORDER

fact that Defendant was waiving his right to appeal except under limited circumstances.  Defendant indicated he understood the terms of his Plea Agreement and agreed the decision to plead guilty was his "own personal and voluntary decision."  Tr. 22.  The prosecutor reviewed the elements of the charge that the government would have to prove at trial if Defendant did not plead guilty and the evidence against Defendant.  Defendant indicated he understood the charge and the government's evidence.

On this record the Court concludes Defendant has not established that his guilty plea was unlawfully induced or made involuntarily or without a complete understanding of the nature of the charge and/or the consequences of his guilty plea.  Accordingly, the Court concludes Defendant has not established ineffective assistance of counsel at the plea stage led him to accept a plea offer instead of proceeding to trial.

In summary, the Court concludes Defendant has not established any alleged errors by counsel that prejudiced Defendant as to his entry of a plea or at sentencing.  Accordingly, the Court denies Defendant's Motion to Vacate or Set Aside Sentence.  Moreover, because the legal issues raised in Defendant's Motion are clearly established, the Court declines to grant Defendant a certificate of appealability.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#47) to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

DATED this 15th day of May, 2014.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge